UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

ROBERT BREON EVANS,                )
                                   )
            Petitioner,            )
                                   )
v.                                 )      Nos.: 3:15-CR-153-TAV-HBG
                                   )             3:16-CV-627-TAV-HBG
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

## MEMORANDUM OPINION

Petitioner Robert Breon Evans has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 39].[1] The government has responded in opposition [Doc. 43]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and his motion will be **DENIED**.

## I.      Background

On November 3, 2015, a federal grand jury filed a two-count indictment charging Petitioner with distribution and possession of child pornography [Doc. 6]. On December 13, 2015, Petitioner executed a plea agreement containing provisions of the type specified

---

[1.] All docket citations refer to the criminal case, No. 3:15-CR-153, unless otherwise indicated.

[2.] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

in Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure [Doc. 19]. Specifically, the parties agreed to the following for purposes of sentencing: (1) Petitioner's base offense level was twenty-two (22) [*Id.* ¶ 5(a)]; (2) the offense was not distribution of the type described in U.S.S.G. § 2G2.2(b)(3)(A)–(E) [*Id.* ¶ 5(b)]; (3) the offense involved child pornography that depicted minors who had not attained the age of twelve (12) [*Id.* ¶ 5(c)]; (4) the offense involved child pornography that portrayed sadistic or masochistic conduct or other depictions of violence [*Id.* ¶ 5(d)]; (5) the offense involved the use of a computer [*Id.* ¶ 5(e)]; and (6) the offense involved 600 or more images of child pornography [*Id.* ¶ 5(f)]. The plea agreement also contained provisions waiving certain rights, including Petitioner's right to file a direct appeal and motions pursuant to § 2255, with limited exceptions [*Id.* ¶ 11].

On February 10, 2016, Petitioner pled guilty to both counts and was convicted [Doc. 35]. The probation officer filed the presentence investigation report on May 10, 2016 [Doc. 26]. The presentence investigation report included a description of the Rule 11(c)(1)(B) provisions of the plea agreement [*Id.* ¶ 3] and provided a step-by-step description of how Petitioner's offense level was calculated, incorporating the base offense level and the enhancements set forth in the plea agreement [*Id.* ¶¶ 18–34]. Petitioner timely filed a notice of no objection to the presentence investigation report [Doc. 27].

On June 15, 2016, the Court sentenced Petitioner to a within-guidelines term of 160 months' imprisonment [Doc. 35], sixty (60) months of which was statutorily mandated by his conviction for distribution of child pornography [Doc. 26 ¶ 56]. Petitioner did not file

a direct appeal, and the judgment has become final. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Petitioner now seeks relief under § 2255.

## II. Analysis

Petitioner makes three (3) claims. First, Petitioner alleges that his Fifth and Sixth Amendment rights were violated at sentencing when the Court considered certain facts in the presentence investigation report which were not charged in the indictment, admitted by Petitioner, or found by a jury [Doc. 39 p. 3–11]. Second, he alleges that his counsel was constitutionally ineffective [*Id.* at 12]. And third, he alleges error in the calculation of his offense level [*Id.* at 13]. For the reasons explained below, none of these claims provides a basis for relief.

### A. Facts Considered at Sentencing

Petitioner argues that the inclusion of certain facts in the presentence investigation report and the consideration of those facts by the Court in fashioning a sentence in this case violated his Fifth Amendment right to indictment by a grand jury and his Sixth Amendment right to have the jury find the existence of facts which are essential to his punishment [Doc. 39]. These facts are: (1) the offense involved child pornography that depicted minors who had not attained the age of twelve (12); (2) Petitioner's conduct involved peer-to-peer distribution; (3) the offense involved child pornography that portrayed sadistic or masochistic conduct or other depictions of violence; (4) the offense involved the use of a computer; and (5) Petitioner possessed 600 or more images of child pornography [*Id.* at 2].

Petitioner repeatedly asserts that these facts were not charged in the indictment, not admitted by Petitioner, and not found by a jury [*Id.* at 3, 6].

The Court finds that this claim is expressly waived in the plea agreement [Doc. 19 ¶ 11(b)]. Further, contra to Petitioner's assertions, the record establishes that Petitioner repeatedly asserted his agreement that the guidelines provisions concerning these facts applied to the calculation of the offense level in this case, which also supports a finding of waiver [Docs. 19 ¶ 5 (listing the agreed-upon enhancements in Rule 11(c)(1)(B) provisions), 42 p. 9 (affirming Petitioner's agreement that the Rule 11(c)(1)(B) provisions applied to the offense-level calculation at the change of plea hearing); *see also* Doc. 27 (noting Petitioner's lack of objection to the presentence investigation report, which includes a detailed, step-by-step calculation of the offense level in this case, including the enhancements agreed-upon in the Rule 11(c)(1)(B) provisions of the plea agreement)].

"It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001)). Plea-agreement waivers of § 2255 rights are generally enforceable. *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) (citing *Watson v. United States*, 165 F.3d 486, 489 n.4 (6th Cir. 1999)). Accordingly, "[o]nly challenges to the validity of the waiver itself may be advanced on appeal[, and such a waiver is] enforceable . . . so long as the waiver is done knowingly, intelligently and voluntarily." *Davidson v. United States*, No.

2:11-CV-2244, 2013 WL 6116688, at *3 (E.D. Tenn. Nov. 20, 2013) (citing *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *Davila*, 258 F.3d at 451–52; *Watson*, 165 F.3d at 489).

Here, with respect to this claim, Petitioner waived the right to bring this motion in the plea agreement. In the plea agreement, Petitioner expressly waived his right to seek relief under § 2255 with two (2) exceptions: "The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel" [Doc. 19 ¶ 11(b)]. Petitioner's claim regarding facts considered at sentencing does not fall within either exception and is therefore waived. Thus, the only issue before the Court with respect to this claim is whether Petitioner's waiver was done "knowingly, intelligently and voluntarily." *Watson*, 165 F.3d at 489.

Petitioner knowingly, intelligently, and voluntarily waived his right to seek relief under § 2255 on all claims except his ineffective assistance of counsel claim.[3] "This Court scrupulously complies with Rule 11 of the Federal Rules of Criminal Procedure governing acceptance of pleas and determines whether a defendant understands the nature of the charge against him, the minimum and maximum penalties he is facing, and the rights he is giving up by pleading guilty." *Davidson*, 2013 WL 6116688, at *3. This Court accepted Petitioner's plea at a change of plea hearing on February 10, 2016, after a colloquy addressing the considerations set forth in Rule 11 [Doc. 42]. Throughout the hearing, Petitioner stated that he was knowingly and voluntarily pleading guilty and that he understood the terms of his plea agreement and the consequences of pleading guilty [*Id.*].

---

[3.] Petitioner does not assert a claim based on prosecutorial misconduct.

In particular, the Court discussed with Petitioner the provision of the plea agreement [Doc. 19 ¶ 11(b)] in which Petitioner, subject to two exceptions, waived his right to file motions pursuant to §2255 [Doc. 42 p. 10]. The Court inquired as to whether Petitioner was knowingly and voluntarily waiving this right [*Id.*]. Petitioner affirmed that he understood this provision and its exceptions and was knowingly and voluntarily waiving his right to file any such motion:

> THE COURT: Paragraph 11(b) provides that you knowingly and voluntarily waive the right to file any motions or pleadings pursuant to 28 United States Code § 2255 or to collaterally attack your conviction or resulting sentence. Do you understand that?
> MR. EVANS: Yes, sir.
> THE COURT: Do you understand the only exception to this portion of your waiver is that you retain the right to raise by way of collateral review under § 2255 claims of ineffective assistance of counsel or prosecutorial misconduct.
> MR. EVANS: That is correct, sir.

[*Id.*]

During the plea colloquy, the Court observed the appearance of Petitioner and his responsiveness to the Court's questions [*Id.* at 19]. The Court determined at that time that Petitioner was competent to plead guilty, that he knowingly waived certain rights, that he understood the nature and elements of the offenses to which he plead guilty, and that he offered to plead guilty knowingly and voluntarily [*Id.* at 19–20]. Petitioner does not challenge this finding in his motion [Doc. 39]. In his reply [Doc. 6, No. 3:16-CV-627], however, Petitioner asserts that his signing of the plea agreement and his responses during the change of plea and sentencing colloquies were not of his "own free will—but were the will and instructions of his then attorney" [*Id.* at 2]. The Court rejects the assertions in

Petitioner's reply as contrary to those made by Petitioner while under oath at the change of plea hearing [Doc. 42 p. 7–8, 15–17]. Such assertions do not require that the Court disturb its earlier finding that Petitioner's waiver of his right to file a motion pursuant to § 2255 was made voluntarily. *See Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992) (holding that a defendant's "decision to lie to the district court cannot amount to prejudice."). Accordingly, because Petitioner knowingly, intelligently, and voluntarily waived his right to seek relief under § 2255, this claim is waived, and the waiver is valid.

Moreover, Petitioner's argument is doubly waived because he agreed to the consideration of these facts in fashioning an appropriate sentence at his change of plea hearing, and he is bound by those prior, contrary statements to the Court. *See Davidson*, 2013 WL 6116688, at *4 ("It is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, 'the defendant is bound by his statements in response to that court's inquiry.'") (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)) (citing *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992)). As the Court has explained, Petitioner agreed in the plea agreement that certain enhancements applied to the calculation of his offense level [Doc. 19 ¶ 5]. At the change of plea hearing, Petitioner affirmed, under oath, that he agreed the enhancements discussed in the plea agreement applied and expressed that he understood these provisions when the Court inquired:

> THE COURT: Do you understand that you are agreeing that certain provisions of the sentencing guidelines apply to the calculation of your advisory guideline range, as set forth in your Plea Agreement?
> MR. EVANS: Yes, Your Honor.

[Doc. 42 p. 9].

The application of these provisions is predicated on facts which the Petitioner now argues were improperly considered. Thus, the record belies Petitioner's assertions that he never agreed that these facts were appropriate for consideration by the Court in calculating the advisory guidelines range and otherwise fashioning an appropriate sentence. The Court therefore finds that Petitioner is bound by his prior statements, *See Davidson*, 2013 WL 6116688, at *4, and this claim is waived.

Petitioner has also waived his argument that these facts were improperly included in the presentence investigation report due to his failure to timely object to the report, which contains the guidelines provisions the parties agreed were applicable in this case [Docs. 28, 31]. *See Auyer v. United States*, No. 1:05-CR-60, 2011 WL 1323015, at *3 (E.D. Tenn. Apr. 5, 2011) ("A defendant who fails to object at the time of sentencing to alleged inaccuracies in a PSR waives the right to challenge the PSR in a collateral proceeding.") (citations omitted).

Even assuming *arguendo* that this claim is not waived, it fails on the merits because Petitioner has failed to allege a violation of his constitutional rights. Petitioner's argument relies on an incorrect statement of the law. He argues that the Fifth and Sixth Amendments require that all facts which may influence judicial discretion in fashioning an appropriate sentencing, including the consideration of facts used to calculate an advisory sentence range under the United States Sentencing Guidelines, must be alleged in the indictment and found by a jury [Doc. 39 p. 4–11]. This is incorrect. "So long as the defendant receives

a sentence at or below the statutory ceiling set by the jury's verdict, the district court does not abridge the defendant's right to a jury trial by looking to other facts . . . when selecting a sentencing within that statutory range." *United States v. White*, 551 F.3d 381, 385 (6th Cir. 2008) (en banc). Nor are defendant's Fifth Amendment rights abridged by the consideration of facts not included in the indictment. *Cf. Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000) ("[N]othing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment within the range prescribed by statute."). Here, Petitioner's sentence was within the range prescribed by statute, and the Court's consideration of certain facts implicated in the calculation of an *advisory* guideline range did not violate Petitioner's constitutional rights.

In sum, Petitioner's claim that the inclusion of certain agreed-upon facts in the presentence investigation report and the consideration of those facts by the Court in sentencing Petitioner violated his constitutional rights is waived. Notwithstanding the waiver, the claim is without merit. Petitioner's claim is thus rejected, and relief is not warranted.

**B.    Ineffective Assistance of Counsel**

Petitioner argues that the failure of his counsel to object to the inclusion of certain facts in the presentence investigation report and the consideration of those facts by the Court in fashioning a sentence in this case amounts to a violation of Petitioner's Sixth

Amendment right to counsel [Doc. 39 p. 12]. As discussed above, claims for ineffective assistance of counsel are expressly excepted from the waiver provision in the plea agreement. Accordingly, this claim is not waived, and the Court will address its merit.

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he or she is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 153 (1982).

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner alleging ineffective assistance of counsel must first establish that his counsel's performance was deficient, that is, falling

"below an objective standard of reasonableness . . . under prevailing professional norms."
*Id.* at 688.  Counsel is presumed to have provided effective assistance, and petitioner bears
the burden of showing otherwise.  *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003);
*see also Strickland*, 466 U.S. at 689.

Second, a petitioner must show that his attorney's deficient performance prejudiced
his defense, in the sense that "but for [counsel's error,] the result of the proceedings would
have been different."  *Strickland*, 466 U.S. at 694.  "An error by counsel, even if
professionally unreasonable, does not warrant setting aside the judgment of a criminal
proceeding if the error had no effect on the judgment."  *Id.* at 691.  If petitioner fails to
establish both deficiency and prejudice, the claim must be rejected.  *Id.* at 697.

Petitioner has not overcome the presumption that counsel provided effective
assistance with respect to this issue.  Petitioner faults his counsel for failing to raise the
arguments discussed—and rejected—*supra*, Part II.A [Doc 39 p. 12].  As the Court has
noted, those arguments rely on incorrect statements of the law and are without merit.  It is
well established that counsel is not ineffective for declining to raise meritless arguments.
*See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).  Thus, Petitioner cannot
establish that his counsel was ineffective for failing to raise arguments which are contrary
to law and without merit.  Moreover, it would be unreasonable to require Petitioner's
counsel to object to the consideration of these facts at sentencing when Petitioner himself

agreed to the application of the guideline provisions implicating these facts at his change of plea hearing.[4]  Thus, this claim is rejected.

## C.     Sentencing Guidelines Amendment

Petitioner requests that the Court correct the five level enhancement of the offense level in this case pursuant to United States Sentencing Guidelines § 2G2.2(b)(3)(B) for "'knowingly distribut[ing]' [illicit materials] to [an]other person for the specific purpose of obtaining something of valuable consideration from that other person" [Doc. 39 p. 13]. The Court notes, however, that no such enhancement was used in the calculation of Petitioner's offense level [*see* Doc. 19 ¶ 5(b) ("For the purposes of § 2G2.2(b)(3), the offense was not distribution of the type described in subdivisions (A) through (E)."); Doc. 26 ¶¶ 18–33 (noting that defendant utilized peer-to-peer file sharing software for the distribution of child pornography and applying a two-level enhancement for "distribution other than distribution described in subsections (A) through (E)" pursuant to U.S.S.G. § 2G1.1(b)(3)(F))].  Thus, Petitioner's claim is not cognizable, and as such, it is rejected.

---

[4.] Although it is not discussed in the section of his motion arguing ineffective assistance of counsel [Doc. 39 p. 12], Petitioner states in his reply that a direct appeal was not filed in this case at his attorney's instruction and against "Petitioner's own free will" [Doc. 6 p. 2, No. 3:16-CV-627].  The purpose of this statement is unclear.  But to the extent Petitioner is arguing that the failure to file a direct appeal was due to ineffective assistance of counsel, the Court finds that this claim also fails because Petitioner makes no suggestion that he actually requested an appeal.  *See* *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (citing *Morales v. United States*, 143 F.3d 94, 97 (2d Cir. 1998); *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994) (holding that an actual request is a critical element in a Sixth Amendment analysis with respect to counsel's failure to appeal).

## III.    Conclusion

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside or correct his sentence [Doc. 39, No. 3:15-CR-153; Doc. 1, No. 3:16-CV-627] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24.  Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).  A separate judgment will enter **DENYING** the motion [Doc. 39, No. 3:15-CR-153; Doc. 1, No. 3:16-CV-627].

ENTER:


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE